UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

Sandra V. Morrissey,

Plaintiff,

vs.

General Mills, Inc.,
a Delaware corporation,

Defendant.

Civil No. 00-CV-62 (MJD/JGL)

**STIPULATION AND PROTECTIVE ORDER**

---

THIS PROTECTIVE ORDER shall apply to all materials produced or testimony by a party that is identified by that party as non-discloseable in the matter captioned above.

1. "Non-Discloseable Material," as used in this Stipulation and Protective Order, shall mean all documents, testimony and other information, in whatever form, including without limitation electronic, electro-magnetic or machine-readable form, that constitutes, contains, is derived from, or otherwise reflects, trade secrets, proprietary business information, competitively sensitive information, other information not generally available to a competitor or the public, personal information the disclosure of which would constitute an unwarranted invasion of privacy, and any other documents or testimony properly the subject of a protective order under Fed. R. Civ. P. 26(c), and designated in good faith by any producing party to be confidential, whether "originals" or "copies," and all copies thereof.

2. Under this Stipulation and Order, there shall be two categories of Non-Discloseable Material: "CONFIDENTIAL" and "CONFIDENTIAL--FOR ATTORNEYS'

FILED DEC 08 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

EYES ONLY." The category of documents labeled "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY" refers to all material deemed by a party to be Non-Discloseable Material pursuant to the standards set forth in paragraph 1, above.

3. Non-Discloseable Material designated by a party as "CONFIDENTIAL" shall only be used for the purpose of this litigation and may be disclosed only to:

(a) the Court;

(b) the other parties to this Stipulation and Protective Order;

(c) designated employees of the parties to this litigation who reasonably need access to such materials for the prosecution or defense of this litigation;

(d) the parties' in-house and outside counsel (including counsel's partners, associates, and employees); and

(e) independent experts, including their staff, retained by the other party and having no permanent employment or permanent consulting relationship with that other party.

4. Non-Discloseable Material designated by a party as "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY" shall only be used for the purpose of this litigation and may be disclosed only to:

(a) the Court;

(b) to the other party's outside counsel (including counsel's partners, associates, and employees);

(c) to the other party's inside counsel; and

(d) independent experts, including their staff, retained by the other party and having no permanent employment or permanent consulting relationship with that other party.

In no case shall the materials designated as "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY" be disclosed to any employee, agent, officer, representative, consultant, or any other

person affiliated with the other party to this Stipulation and Protective Order without consent of the designating party.

5. In no event shall any of the materials designated as Non-Discloseable Material (i.e., "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY") by any party be disclosed to or used by anyone outside this litigation. Under no circumstances, shall any of the materials designated as Non-Discloseable Material be used for a competitive purpose, either during the pendency of this litigation or after this litigation has been concluded.

6. A designation of materials into the two categories described in paragraph 2 above shall be made by affixing or placing the notice "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY" on such material. All such notices of such designation shall be affixed in a manner that does not interfere with the legibility or use of the materials. There shall be no such designations with respect to any materials except where the designating party or parties and its/their counsel of record have a reasonable, good faith belief that the materials in fact contain information subject to protection pursuant to the standards set forth in paragraph 1, above.

7. Any party or persons giving testimony in these proceedings may designate all or a portion of his or her testimony as "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY" under this Stipulation and Protective Order by advising the court reporter and all counsel at the deposition or proceeding of such fact. The court reporter shall separately transcribe those portions of the testimony so designated and mark the face of each relevant page of the transcript of the testimony with the words: "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY." Whenever any document designated as Non-Discloseable Material is identified as an exhibit in connection with deposition testimony

given in the proceedings, it shall be placed in an envelope separate from the other exhibits, which envelope shall be marked, "CONFIDENTIAL EXHIBITS" or "CONFIDENTIAL EXHIBITS--FOR ATTORNEYS' EYES ONLY." In addition any portion of a transcript not designated at the time the testimony is given shall nevertheless be treated as "CONFIDENTIAL" for a period of fifteen (15) days after the party or witness receives the transcript of his or her testimony so as to permit the party or witness time to designate some or all of his or her testimony as "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY." Such designation may be made by marking the transcript as "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY" or by listing the page and inclusive line numbers of the material designated as "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY" and by providing such designation to the other parties, their counsel and the court reporter. The court reporter shall thereafter mark the fact of each relevant page as confidential and separately transcribe those portions of the testimony so designated. Thereafter, only such portions of a transcript that have been affirmatively designated in writing by a party or witness to be "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY" shall be treated as such under this Stipulation and Protective Order.

8. Information designated as Non-Discloseable Material pursuant to this Stipulation and Protective Order shall be treated as required by this Stipulation and Protective Order by all persons to whom such information may be disclosed. In addition, except for outside counsel representing the parties, each person who is authorized by this Stipulation and Protective Order to inspect or have access to materials designated as "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY" and who does inspect any such material, shall, before conducting such inspection or having such access, be provided with a copy of this Stipulation

and Protective Order, shall execute an undertaking in the form annexed to this Stipulation and Protective Order as Exhibit "A," and shall therefore be bound by this Stipulation and Protective Order. These executed undertakings shall be maintained by counsel of record responsible for the disclosure and shall be available for inspection by all other counsel of record after the close of discovery.

9. After the conclusion of this case, all designated "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY" materials (with the exception of those materials which contain the notes of outside counsel or inside counsel of the parties and which outside and inside counsel reasonably and in good faith believe reflect attorney work product or attorney-client communications), shall be returned to the party that produced such materials or shall be destroyed. In the event that a party chooses to destroy materials rather than return them to the party that produced them, the party destroying the materials shall certify in writing that all such materials were destroyed and that no copies have been retained by the party, and inside counsel and outside counsel for that party. With respect to those materials reflecting attorney work product or attorney-client communications, outside counsel and inside counsel may destroy such materials or may retain such materials in their possession, providing that if such materials are retained, they may not be used by the parties for any purpose other than this litigation, and may not be the subject of any investigation or discovery in any other litigation or dispute between the parties or between any party to this litigation and any other third party. All "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY" transcripts of testimony and exhibits to such testimony shall be disposed in a manner agreed to by the parties or as otherwise directed by the Court upon motion by the party designating the materials.

10. At any time after the production of any material designated as Non-Discloseable Material by one party, any other party to this Stipulation and Protective Order may serve a written notice of objection to such designation stating the reasons for such objection. Should the parties be unable to resolve the issues raised by the objection within three (3) days of the receipt of such objection, the objecting party may thereupon seek a ruling from this Court with respect to the merits of the designation. The burden of proving the appropriateness of the designation shall be upon the party designating the materials as "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY."

11. Notwithstanding any provision herein to the contrary, if any party to this Stipulation and Protective Order should conclude in good faith that for the purpose of this litigation, it needs to disclose any of the information contained in any Non-Discloseable Material, or any information derived form such material to any person not described in paragraph or paragraph 4 of this Stipulation and Protective Order, it may request permission from counsel for the designating party to do so for specified information. If counsel cannot agree as to the disposition of such a request, application to the Court for a ruling on such request may be made. If the Court finds the designation was not made in good faith, the objecting party shall be entitled to its attorneys' fees.

12. Should any party to this Stipulation and Protective Order desire to use in open Court any Non-Discloseable Material, that party must give reasonable notice to the party designating the material of such intent, so that the status of such documents may be protected by agreement or, if necessary, as determined and directed by the Court. In addition, Non-Discloseable Material which is reproduced, referred to or otherwise contained in transcripts of depositions, exhibits, affidavits, memoranda, briefs, written discovery, or other documents filed

with the Court or the Clerk of Court in this litigation, shall be placed prior to filing in a sealed envelope marked "CONTAINS CONFIDENTIAL MATERIAL UNDER PROTECTIVE ORDER." or "CONTAINS CONFIDENTIAL MATERIAL FOR ATTORNEYS' EYES ONLY UNDER PROTECTIVE ORDER." The party filing any such Non-Discloseable Material shall specifically bring to the attention of the Clerk of the Court at the time of filing that the material is to be filed in accordance with the Court's rules for filing Non-Discloseable Material.

13. A party designating materials as Non-Discloseable Material may, directly or through its counsel of record, agree in writing or on the record during any deposition or proceeding to declassify any material.

14. Any party to this Stipulation and Protective Order may apply to the Court at any time for modification of this Stipulation and Protective Order, for supplemental orders or for further protection.

15. The parties expressly reserve their respective positions concerning whether the designation of any document, information or other materials as Non-Discloseable Material can be used for the purpose of interpretation of other legal or substantive issues raised in this litigation apart from the application of this Stipulation and Protective Order.

16. Nothing in this Stipulation and Protective Order shall be construed as a waiver of the right of any party to object to the production of documents on the grounds of privilege or on other grounds not related to the confidentiality of the documents.

17. Nothing in this Stipulation and Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any proposed evidentiary materials.

DATED: Dec 5, 2000

**WILLIAM J. EGAN & ASSOCIATES, PLC**

William J. Egan (#166029)
150 Edina Executive Plaza
5200 Willson Road
Edina, MN 55424
Telephone: (952) 836-2770

**ATTORNEYS FOR PLAINTIFF**

DATED: December 6, 2000

**LEONARD, STREET AND DEINARD**
**Professional Association**

Joel E. Abrahamson (#236895)
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500

**ATTORNEYS FOR DEFENDANT**

IT IS SO ORDERED:

Dated Dec. 7, 2000

MPM, Judge of U.S. District Court

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

Sandra V. Morrissey,

Plaintiff,

vs.

General Mills, Inc.,
a Delaware corporation,

Defendant.

Civil No. 00-CV-62 (MJD/JGL)

---

STATE OF ________________ )
)ss.
COUNTY OF ______________ )

1. My name is ____________________. I live at ______________________ and employed by ________________________.

2. I am aware that a Stipulation and Protective Order has been entered in the action captioned above and a copy of this Stipulation and Protective Order has been given to me. I agree to comply with the terms of this Stipulation and Protective Order.

3. I promise that any documents, information, materials or testimony, which are protected under the Stipulation and Protective Order entered in this case and designated as "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY" will be used by me only in connection with the above-captioned matter.

4. I promise that I will not disclose or discuss such protected material with any person other than those individuals permitted by the Stipulation and Protective Order to review such material.

5. I understand that any use of such "CONFIDENTIAL" or "CONFIDENTIAL--FOR ATTORNEYS' EYES ONLY" documents, information, materials or testimony obtained by me or any portions or summaries thereof, in any manner contrary to the provisions of the Stipulation and Protective Order, may subject me to a sanction from this Court for violating this Stipulation and Protective Order. I hereby agree to submit to the jurisdiction of the above-captioned Court for enforcement of the undertakings I have made here.

______________________________
NAME

Subscribed and sworn to before me

this ___ day of ___________, _____.

______________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

### *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

### *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 3/98