**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**SANDRA V. MORRISSEY,**

Plaintiff,

v.

**GENERAL MILLS, INC.,**

Defendant.

---

Civil File No. 00-62 (MJD/JGL)

**O R D E R**

APPEARANCES

William John Egan, Esq., on behalf of Plaintiff.

Joel Erik Abrahamson, Esq., and Maura S. Murphy, Esq., on behalf of Defendant.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on January 11, 2001 on Plaintiff Sandra Morrissey's Motion to Compel Discovery (Doc. No. 9). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiff is suing Defendant, her former employer, pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12011 et seq., and the Minnesota Human Rights Act, Minn. Stat. §§ 363.01 et seq., alleging that Defendant failed to provide her with a reasonable accommodation for a known

JAN 16 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

disability. Ms. Morrissey was most recently employed as an Inventory Accountant at General Mills' Golden Valley, Minnesota facility, and she worked at General Mills from December 1973 to December 1998. In February 1996, Plaintiff was diagnosed with Alpha 1-Antitrypsin Deficiency. In June 1998, Ms. Morrissey had an adverse reaction to therapy and was placed on medical leave. In addition, Plaintiff broke her leg and became immobile in July 1998. Ms. Morrissey learned that General Mills had adopted a formal telecommuting policy and requested that she be allowed to telecommute. In September 1998, Defendant denied the request and reassigned her position. Defendant terminated Plaintiff's employment in December 1998. The gravamen of Plaintiff's case is that General Mills wrongfully denied her request to telecommute. In the present motion to compel, Plaintiff seeks information regarding other claims of disability discrimination against Defendant, other requests for reasonable accommodation, and the implementation of General Mills' telecommuting policy.

The Federal Rules of Civil Procedure contemplate liberal discovery; the information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context

of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501. Discovery should not limited to matters in the pleadings because discovery is designed to help establish and clarify the issues in a case. See id. at 500-01. However, courts should not allow parties to conduct "fishing expeditions." See Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). In this particular discovery dispute, the relevant subject matter pertains to Defendant's alleged failure to provide a reasonable accommodation to Plaintiff, specifically by not allowing her to telecommute.

**Interrogatory No. 3**

Plaintiff's Interrogatory No. 3 requests the identity of the person responsible for collecting and maintaining personnel files, human resources data, requests for reasonable accommodation, and computers and communication devices used in telecommuting. Defendant predominately objected to the indefinite time period and undefined geographic range of the request.

The parties indicated at the hearing that the relevant time period is from 1995 to present. The Court finds this time period fair and reasonable. See Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997) (limiting discovery to two years prior to and two years after the plaintiff's

separation of employment). Thus, all discovery is limited to 1995 through the present.

On the other hand, the parties are far apart in their positions regarding which organizational divisions and geographic locations of General Mills are relevant for the purpose of discovery. Plaintiff requests company-wide discovery, but Defendant contends that only information pertaining to the twelve-person Contract Accounting Department, in which Plaintiff worked, is relevant. The Court finds neither position tenable.

General Mills employs more than 11,000 people at approximately 120 worksites in 22 states. Clearly, to require discovery responses for all of General Mills would be unworkable, overly burdensome, and likely to lead to much irrelevant information. On the other hand, limiting discovery to the Contract Accounting Department would preclude Plaintiff from exploring relevant facts given that she may be similarly situated with employees in other departments.

The Court is mindful that employment discrimination cases necessitate liberal discovery to allow plaintiffs "broad access to employers' records in an effort to document their claims." Wards Cove Packing Co., Inc. v. Atonio, 490 U.S. 642, 657 (1989) (Title VII case). In particular, proving such a claim "may require indirect, inferential, or circumstantial evidence." Onwuka v. Federal Express Corp., 178 F.R.D. 508, 516 (D. Minn. 1997)

(citations omitted). In the present case, Plaintiff Morrissey seeks to prove her case in part by comparing her situation to the situations of non-disabled employees. (Pl. Mem. Support. Mot. Compel. at 8.) To make such a comparison, however, a plaintiff must show that the employees are "similarly situated in all relevant aspects." Smith v. Monsanto Chem. Co., 770 F.2d 719, 723 (8th Cir. 1985) (citations omitted). Courts in this circuit have rarely found company-wide discovery relevant. See Carman v. McDonnell Douglas Corp., 114 F.3d 790, 792 (8th Cir. 1997) (limiting discovery to the local facility at which the plaintiff worked); MacDissi v. Valmont Indus., Inc., 856 F.2d 1054, 1059 (8th Cir. 1988); Onwuka, 178 F.R.D. at 517 (limiting discovery to the facility where Plaintiff worked); Eason v. McDonnell Douglas Corp., No. 4:92CV1355, 1993 WL 835280, at *1 (E.D. Mo. July 13, 1993) (limiting discovery to the plaintiff's fifty-person department).

The Court concludes that discovery in this case should be limited to the Operations Division at the Golden Valley, Minnesota facility. The Operations Division is the next largest business unit from and encompasses the Contract Accounting Department. Accordingly, Defendant is ordered to identify the person responsible for collecting and maintaining the information requested in Interrogatory No. 3 within this parameter and from 1995 to present.

**Interrogatory No. 10**

At the hearing, General Mills stated that it would provide the data requested by Interrogatory No. 10 from 1995 to present. Thus, this portion of the motion is denied as moot.

**Interrogatories No. 14 and 15 and Document Request No. 33**

Interrogatory No. 14 seeks information about every employee or applicant who has requested a reasonable accommodation in the last ten years and for certain details if the request was granted or denied. Interrogatory No. 15 asks Defendant to identify every employee who has requested or been offered telecommuting in the last ten years and for details of the allowance or denial. Document Request No. 33 seeks the personnel files of all employees who have been allowed to telecommute in the last ten years. For the reasons set forth above, Defendant is ordered to answer these discovery requests, but the scope of the requests is limited from 1995 to

present and to employees in the Operations Division of the Golden Valley, Minnesota facility.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiff Sandra Morrissey's Motion to Compel Discovery (Doc. No. 9) is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED AS MOOT IN PART** as set forth fully in the body of this Order; and

(2) Plaintiff's Request for Attorney's Fees and Expenses (Doc. No. 9) is **DENIED**.

Dated: January 16, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge